# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## Atlanta Division

| | |
|---|---|
| SUSANA ELIZABETH SANCHEZ CARDENAS,<br><br>                    Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>                    Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff Susana Elizabeth Sanchez Cardenas ("Plaintiff"), by counsel, files this Complaint against Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis"). In support thereof, Ms. Sanchez Cardenas alleges as follows:

## INTRODUCTION

1. Congress enacted the Fair Credit Reporting Act ("FCRA") to protect consumers from the devastating impacts of inaccurate credit reporting. S. Rep. No. 91-517, at 1 (1969) (explaining that the FCRA was intended to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report"); *see also Guimond v. Trans Union Credit Info.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (explaining that the FCRA was enacted "to protect consumers from

the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner" (citations omitted)).

2.      The statute's express purpose is for "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b).

3.      Even so, inaccurate credit reporting is still a pervasive, long-standing issue for consumers. For example, in 2012, the FTC published a report finding that "[m]ore than one in four participants" in its study "alleged at least one error on at least one credit report."[1] Less than ten years later, the situation was even worse: a 2021 study found that more than 34 percent of surveyed consumers were able to identify at least one error on their credit reports.[2]

---

[1] *See* Fed. Trade Comm'n, *Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003*, at 21 (Jan. 2015), https://www.ftc.gov/system/files/documents/reports/section-319-fair-accurate-credit-transactions-act-2003-sixth-interim-final-report-federal-trade/150121factareport.pdf.

[2] *See* Syed Ejaz, Consumer Reports, *A Broken System: How the Credit Reporting System Fails Consumers and What to Do About It* (June 10, 2021), https://advocacy.consumerreports.org/wp-content/uploads/2021/06/A-Broken-

4.  One issue that plagues consumers is a "mixed file," which occurs when a consumer's file is mixed with that of another consumer who has similar identifying information.

5.  Here, LexisNexis mixed Ms. Sanchez Cardenas with another consumer who has a similar (although not identical) name: Susana Sanchez Barajas.

6.  Even so, LexisNexis has placed Ms. Sanchez Barajas's information, including her insurance information, into Ms. Sanchez Cardenas's file, causing Ms. Sanchez Cardenas's insurance company to charge her much higher premiums.

7.  And when Ms. Sanchez Cardenas disputed LexisNexis's inaccurate reporting, LexisNexis refused to correct the inaccuracies.

8.  As a result, Ms. Sanchez Cardenas alleges claims against LexisNexis for violating the FCRA, including: (1) § 1681e(b), by failing to reasonably ensure the maximum possible accuracy of her credit reports; and (2) § 1681i, by failing to adequately investigate her dispute and correct the inaccurate information in her file.

## JURISDICTION

9.  The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

---

System-How-the-Credit-Reporting-System-Fails-Consumers-and-What-to-Do-About-It.pdf.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) because LexisNexis's principal place of business in located in this District and Division.

## PARTIES

11. Plaintiff, Ms. Sanchez Cardenas, is a natural person and a "consumer" as protected and governed by the FCRA.

12. Defendant LexisNexis Risk Solutions, Inc. is a Georgia corporation. LexisNexis regularly assembles credit information to sell to its paying customers and uses interstate commerce to do so. Indeed, by its own admission, LexisNexis "provides information solutions to businesses and government that help them identify and manage risk."[3] Accordingly, Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a.

## FACTUAL ALLEGATIONS

*LexisNexis's Business Practices*

13. Defendant LexisNexis publishes C.L.U.E. reports, which "include information such as name, date of birth and policy number in addition to claim details such as date of loss, claim type, amounts paid, fault details and vehicle

---

[3] LexisNexis Risk Solutions, *Who We Are*, https://consumer.risk.lexisnexis.com/ (last visited Mar. 3, 2025).

4

information" to its customers for use in insurance underwriting.[4]

14. According to LexisNexis's marketing materials, its C.L.U.E. product is compiled with information from various insurers, with a 99.6 percent industry contribution in reporting, and "discovers more claims per inquiry than any other available source." *Id.*

15. LexisNexis uses "proprietary linking technology" and access to "more than 40 billion public and proprietary records from more than 10,000 sources." *Id.*

16. C.L.U.E. reports are used by LexisNexis's customers to reduce their risk and liability by using the information in the report to predict future claims. *Id.* In other words, insurance companies use this information to determine the premium that a consumer should pay for auto insurance.

17. LexisNexis is acutely aware that its customers are interested in having as much information as possible about a particular consumer so that they can accurately predict future risk in having to pay out an insurance claim. Thus, in order to continue to sell reports, LexisNexis is motivated to include as much information about a consumer as possible, even at the risk of including overbroad and inaccurate

---

[4] LexisNexis Risk Solutions, *LexisNexis C.L.U.E. Auto* Brochure, https://risk.lexisnexis.com/-/media/files/insurance/clue%20auto/clue%20auto%20sales%20sheet_digital%20pdf.pdf (last visited Mar. 3, 2025).

information.

18.  Upon information and belief, discovery will show that Defendant LexisNexis obtains accident information from auto insurance companies to include in its C.L.U.E. reports.

19.  Upon information and belief, discovery will also show that when an auto insurance company sends accident information to LexisNexis, it includes information about the consumer involved in the accident, including the consumer's date of birth.

20.  Upon information and belief, LexisNexis then compiles this information and runs it through an algorithm that matches the record to a consumer's report based on certain matching criteria. Discovery will show that this process takes place electronically, with no human involvement in the compiling, matching, and reporting of the accident data.

21.  However, upon information and belief, LexisNexis's algorithm allows information, including at-fault accidents, to be placed on a consumer's report based solely on a name match. This matching occurs even if the other personal identifying information associated with the record, such as the date of birth, does not match the date of birth of the consumer who is the subject of the report.

*Factual Allegations Regarding Ms. Sanchez Cardenas*

22. For years, Ms. Sanchez Cardenas has had to pay higher insurance premiums.

23. She eventually learned that her insurance company had charged her higher premiums based on information it received from LexisNexis.

24. When Ms. Sanchez Cardenas requested a copy of her LexisNexis report, she was shocked to see that it contained information about another individual, Susana Sanchez Barajas.

25. Ms. Sanchez Barajas has a terrible driving record, including convictions for driving on a suspended license and failure to control her vehicle speed on a highway to avoid collision.

26. Ms. Sanchez Barajas also shares an insurance policy with her husband, Vladimir De Paz. Mr. De Paz has been in several at-fault accidents, including ones that involved bodily harm, which also appeared on Ms. Sanchez Cardenas's LexisNexis report.

27. LexisNexis included this information on Ms. Sanchez Cardenas's report even though it had information indicating that they were two different people.

28. For example, Ms. Sanchez Cardenas lives in Connecticut, while Ms. Sanchez Barajas lives in Maryland.

29. They also do not share the same Social Security Number, and their driver's licenses are issued by different states.

30. If LexisNexis had reasonable procedures in place to ensure that the information that it sold about Ms. Sanchez Cardenas was as accurate as possible, it would not have included this information in her report.

31. Ms. Sanchez Cardenas disputed this inaccurate information with LexisNexis in March 2023.

32. In response to Ms. Sanchez Cardenas's dispute, LexisNexis refused to conduct an adequate investigation—if it had, it would have seen from the face of the report that the information did not match Ms. Sanchez Cardenas's personal identifiers.

33. Instead, LexisNexis sent Ms. Sanchez Cardenas a letter dated March 22, 2023, which verified the inaccurate information as belonging to Ms. Sanchez Cardenas and stated that it would remain on her report.

34. Ms. Sanchez Cardenas sent follow-up disputes to LexisNexis in October 2024 and December 2024 asking it to remove Ms. Sanchez Barajas's information from her report.

35. In response to each of these disputes, LexisNexis again failed to conduct an adequate investigation and instead verified the information as belonging

to Ms. Sanchez Cardenas.

36. After matching this information to Ms. Sanchez Cardenas and failing to correct the information in response to her disputes, LexisNexis sold one or more reports containing this inaccurate information to one or more third parties including, but not limited to, M&T Bank, Transworld Systems, Capital One, Discover, Allstate, GEICO, and State Farm.

37. As a result, Ms. Sanchez Cardenas has had to pay higher insurance premiums and has suffered emotional distress.

*LexisNexis's Conduct was Willful*

38. LexisNexis is well aware of the FCRA's requirements that the information it reports about insurance applicants must be as accurate as possible and that its investigations must be thorough and meaningful.

39. LexisNexis has been sued for inaccurately attributing records to consumers in consumer reports, including C.L.U.E. reports. *Ortega v. LexisNexis Risk Sols., Inc.*, No. 1:17-cv-579 (E.D. Va. Jan. 19, 2018); *Jones v. LexisNexis Risk Sols. Inc.*, No. 1:20-cv-2496 (D. Colo.); *Williams v. LexisNexis Risk Sols. Inc.*, 1:20-cv-2832 (D. Colo.).

40. Moreover, LexisNexis has failed to adopt any procedures despite substantial notice from its customers and consumers regarding the inadequacies of

its procedures. Fed. Trade Comm'n, *40 Years of Experience with the Fair Credit Reporting Act*, AN FTC STAFF REPORT WITH SUMMARY OF INTERPRETATIONS, 1, 67 (July 2011), https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf ("However, when a CRA learns or should reasonably be aware of errors in its reports that may indicate systematic problems (by virtue of information from consumers, report users, from periodic review of its reporting system, or otherwise), it must review its procedures for assuring accuracy and take any necessary steps to avoid future problems. Similarly, it should establish procedures to avoid reporting information from its furnishers that appears implausible or inconsistent.").

41. LexisNexis's willful conduct is further reflected by the following:

   a. The FCRA was enacted in 1970; LexisNexis has had nearly many years to become compliant;

   b. LexisNexis is a corporation with access to legal advice through its own general counsel's office and outside employment counsel. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

   c. LexisNexis knew or had reason to know that its conduct was inconsistent with FTC guidance, case law, and the plain language of the FCRA;

      d. LexisNexis voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

      e. LexisNexis's violations of the FCRA were repeated and systematic.

42. LexisNexis's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA. LexisNexis's conduct was intentionally accomplished through its intended procedures; these procedures have continued even though other consumer reporting agencies have faced court decisions and consumer complaints critical of similar conduct; and LexisNexis will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)

43. Ms. Sanchez Cardenas incorporates and restates Paragraphs 13-42 above as if fully set forth herein.

44. As described above, Defendant LexisNexis used loose matching criteria and algorithms that placed information on Ms. Sanchez Cardenas's consumer report that did not belong to her, even though the full name, address, and driver's license information associated with the information did not match Ms. Sanchez Cardenas's information.

45. This conduct violated § 1681e(b) of the FCRA because in using these loose matching criteria and algorithms, LexisNexis failed to follow reasonable procedures to assure the maximum possible accuracy of the information that it published about Ms. Sanchez Cardenas to its customers.

46. LexisNexis's conduct caused Ms. Sanchez Cardenas to suffer actual damages including, but not limited to, increased insurance premiums, reputational damage, and emotional distress.

47. LexisNexis's conduct was willful, rendering it liable for statutory and punitive damages under 15 U.S.C. § 1681n. In the alternative, the violation was negligent, rendering LexisNexis liable under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i

48. Ms. Sanchez Cardenas incorporates and restates Paragraphs 13-42 above as if fully set forth herein.

49. LexisNexis violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide the furnishers with all the relevant information about Ms. Sanchez Cardenas's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Ms. Sanchez Cardenas in violation of

§1681i(a)(4); and (4) failing to promptly delete the disputed inaccurate items of information from Ms. Sanchez Cardenas's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

50. Because of LexisNexis's violations of §1681i, Ms. Sanchez Cardenas suffered actual damages including, but not limited to, increased insurance premiums, reputational damage, and emotional distress.

51. LexisNexis's violations of § 1681i were willful, rendering it liable to Ms. Sanchez Cardenas for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n.

52. In the alternative, LexisNexis was negligent, entitling Ms. Sanchez Cardenas to a recovery under 15 U.S.C. § 1681o.

WHEREFORE, Ms. Sanchez Cardenas seeks judgment for her actual, statutory, and punitive damages as pleaded above, as well as her attorney's fees and costs; prejudgment and post-judgment interest at the judgment rate, and any other relief that the Court finds appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,

**SUSANA ELIZABETH SANCHEZ CARDENAS**

By: ___/s/ Matthew G. Rosendahl___

        Matthew G. Rosendahl (Ga. Bar # 449311)
        KELLY GUZZO, PLC
        3925 Chain Bridge, Suite 202
        Fairfax, VA  22030
        Telephone: (703) 424-7572
        Facsimile: (703) 591-0167
        Email: matt@kellyguzzo.com

*Counsel for Plaintiff*

## CERTIFICATE OF COUNSEL

I hereby certify that the foregoing document has been prepared with Times New Roman 14-point font, one of the font and point selections approved by the Court in LR 5.1, N.D. Ga.

/s/ Matthew G. Rosendahl